STATE<br>v.<br>GEORGE.

---

### John Bishop, Use of Levee Commissioners, v. Henry Marks et al.

The Act of Congress of February 20th, 1811, exempting land sold by Congress from taxation for five years from the date of the sale, has no application to lands donated by the General Government to this State, and sold by the State.

The proceeding by *mandamus*, must be conducted in the name of the State, upon the petition and oath of the party entitled to relief ; it cannot be demanded by way of answer to a suit brought to collect money.

The decision in the case of *Louis Selby* v. *Levee Commissioners*, 14 An. 435, affirmed.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *H. Short*, for plaintiffs. *Louis Selby*, for defendants and appellants.

MERRICK, C. J. This is another of the numerous cases growing out of the assessments for levee purposes, in the district formed of the parishes of Carroll, Madison, and Catahoula. Although brought upon a bond, it presents, with but little variation, questions heretofore decided by us, and one question formerly abandoned in argument by the counsel who now urges the same, as " the main point in this suit."

This last question is supposed to arise upon the construction of the Act of Congress of February 20th, 1811, (2 Stat. at Large, p. 642, sec. 3,) which provides : " That each and every tract of land sold by Congress, shall be and remain exempt from any tax laid by order, or under the authority of the State, whether for State, county, township, parish, or any other purpose whatever, for the term of five years from and after the respective days of the sales thereof."

The land was sold by the State Register, at Baton Rouge, in September, 1856, and, it is contended, that the five years mentioned in the Act have not run.

It is manifest that the Act of Congress has no application to this case, for the lands in question *have not been sold by Congress.* This sale was made by *the State of Louisiana*, of lands belonging to her. The condition upon which the lands were donated to her, were, that the proceeds of the said lands should be applied exclusively, as far as necessary, to the construction of levees and drains. Act of March 2, 1849 ; Phillips' Dig. lxxxviii, sec. 3.

The tax assessed was for the furtherance of the objects Congress had in view by the donation. So long as the defendant *possesses under his title* acquired of the State, it does not lie in his mouth to deny ownership.

Again : it is urged that the statement made, on which the fourth point in the case of *Lewis Selby* v. *The Levee Commissioners*, 14 An. 435, was decided, is erroneous. If we had said the citizens of Catahoula are obliged to protect themselves from overflow upon the alluvial lands of the tributaries of Red River, it would have been more accurate ; but it is difficult to perceive how this correction can influence the result of the argument, so long as it is admitted that there are alluvial lands in Catahoula which are to be protected by levees.

There is also a prayer in the answer for a *mandamus* against the Levee Commissioners, to compel them to assess the lands between the Bayou Maçon hills and Bœuf River.

BISHOP
v.
MARKS.

This is irregular and inadmissible. The proceeding by *mandamus* is conducted in the name of the State, upon the petition and oath of the party entitled to relief. C. P. 829, 840. It cannot be demanded by way of answer to a suit for money, because it cannot be considered as connected with, and it forms no defence to the same.

In regard to the other questions presented in this case, we see no reason to doubt the correctness of our former conclusions. The safety and security of a large and populous portion of the State, depend upon the maintenance of sufficient public levees. These cannot be kept in a safe condition without means raised by assessments upon the persons and property protected by the levees. After witnessing the incalculable advantages which this district has enjoyed from the levee system, it is difficult to account for the constant assaults upon the constitutionality of laws by which alone the system is maintained. To succeed in these attacks, would be almost as disastrous to the inhabitants of the district, as to annihilate the levees themselves.

Fortunately, however, the investigation of these questions has not brought the court to the conclusion, that the Acts of the Legislature which have been prepared and amended with great care and consideration, are in conflict with the Constitution of the State. The organic law is not, in this regard, opposed to the welfare of this large district.

Judgment affirmed.

BUCHANAN, J., took no part in this decision.